## Leopold Nathan, Appellant, v. Harry M. Brown, Appellee.

### Gen. No. 20,969.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. John P. McGoorty, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed January 27, 1916.

### Statement of the Case.

Bill by Leopold Nathan, complainant, against Harry M. Brown, defendant, in the Superior Court of Cook county, praying for the construction and reformation of a written agreement, for an injunction against the prosecution of certain suits at law, and for other relief. From a decree in favor of defendant, complainant appeals.

The bill alleged that the complainant had been engaged in the real estate business for many years and that in connection therewith he had been conducting a real estate business under the name of Local Improvement and Taxpayers Association (not incorporated); that he had known the defendant prior to July 1, 1908; that on July 23, 1908, complainant and defendant entered into a written partnership agreement, in part as follows, namely:

"The parties have hereby further agreed to engage in the real estate business.

"On any business done, in real estate transactions and in any other business said firm shall agree to engage in under contracts signed after this date the profits shall be divided by the parties hereto share and share alike.

"All expenses and losses shall be paid by both parties hereto share and share alike.

"The said L. Nathan is to pay any and all debts heretofore contracted by the said Local Improvement Tax Payers Ass'n. The said Harry M. Brown having this day paid to the said L. Nathan the sum of Two Hundred Fifty ($250.00) Dollars, the receipt of which is hereby acknowledged for an undivided one-half (½) interest in and to the office fixtures now in said office and owned by the said L. Nathan, and the good will of said business.

"This contract to be in force for a term of three (3) years from this date, unless dissolved by mutual consent."

That afterwards the business was conducted as a copartnership; that the partnership continued until about May 25, 1910, during which time all profits were divided according to agreement; that on May 25, 1910, they agreed in writing to dissolve partnership, as follows:

"DISSOLUTION OF CO-PARTNERSHIP.

"Whereas articles of co-partnership was entered into on the 23rd day of July, 1908, by and between Leopold Nathan and Harry M. Brown; and

"Whereas the said Nathan and Brown have mutually agreed to dissolve this co-partnership by mutual consent:

"It is hereby stipulated and agreed that all the assets of any kind and nature, all outstanding accounts, office fixtures, etc., and the good will of said business shall be the property of said L. Nathan for his own use and behoof forever;

"The said Leopold Nathan agreed to assume and to pay all liabilities of said firm, and for and in consideration of all interests in said firm heretofore owned by the said Harry M. Brown the said L. Nathan hereby

agrees to pay to said Harry M. Brown Twenty-five ($25) Dollars per week commencing on the 28th day of May, 1910, until the Thirty-first day of December, 1910; the said Harry Brown in lieu of this agreement to give such services as he may be able to give until said last named date.

"Dated at Chicago this 25th day of May, 1910.

LEOPOLD NATHAN,
HARRY M. BROWN."

The bill further alleged that the defendant, in accordance with the dissolution agreement, was to enter and continue in complainant's employ until December 31, 1910, at a salary of $25 per week, devoting all his time and energy to the promotion of said business; that the defendant continued in complainant's employ until July 1, 1910, when he was injured, up to which time he was paid a salary of $25 per week; that thereafter the defendant rendered no service.

The bill further sets forth that in October the defendant brought suit against the complainant in the Municipal Court for the sum of $350, being the amount alleged to be due from July 1st to October 10th under the dissolution agreement; that on November 9, 1910, the defendant sued out an attachment in aid of his suit at law which he caused to be levied upon the real estate of the complainant, and that the defendant had otherwise attempted to harass and injure complainant in his business and threatened to file additional suits from time to time until complainant should pay him the sum of $350, and continued to pay him at the further rate of $25 per week from said October 27th to December 31st, although he had been well able to attend to business had he been so inclined, and that defendant had informed complainant that he did not intend to return or to perform any further service for complainant.

The bill further alleged that the dissolution agreement was ambiguous and capable of more than one construction.

Then followed the prayer that the dissolution agree-

ment be construed so as to express the actual understanding of the parties, and that any and all liabilities of complainant, if any, be adjusted and adjudicated, and asking for any injunction restraining the defendant from further prosecuting the suit brought by him in the Municipal Court of Chicago, and to enjoin him from instituting or prosecuting any further proceedings.

On December 5, 1910, an injunction was issued as prayed. On December 12, 1910, the appearance of the defendant, by his solicitors, was filed and on December 13, 1910, on motion of defendant's solicitors the injunction was dissolved and defendant allowed to file suggestion of damages within five days.

On December 19, 1910, suggestion of damages was filed by the defendant.

On November 1, 1911, defendant filed his answer, by which defendant denied all the allegations in the complaint, save those as to entering into the partnership agreement and also the agreement of the dissolution of said partnership. He admitted further the beginning of the suit in the Municipal Court against complainant and the attachment suit in aid thereof.

To this answer the complainant filed a general replication on October 16, 1913.

On November 22, 1913, a stipulation was entered into that the hearing on the suggestion of damages in said cause be placed on the contested motion calendar for December 13, 1913.

On May 29, 1914, the court entered the following decree:

"This cause having come on to be heard, upon the bill of complaint herein and the answer thereto of the defendant and the stipulation of the parties by their respective solicitors in open court, and the court having heard the evidence, both oral and documentary and the same having been argued by counsel for the respective parties and the court being fully advised in the

premises doth find that it has jurisdiction both of the subject-matter and of the parties, that the said parties had entered into a contract of dissolution as set out in complainant's bill of complaint and that as a result of said contract there is due to the defendant the sum of Three Hundred Fifty ($350.00) Dollars which includes not only the amount accrued at the date of the filing of the bill herein but all amounts accrued and to accrue thereafter under said contract.

"The court further finds that there is due to defendant for wrongful issuance of writ of injunction herein the further sum of $100.

"It is therefore ordered, adjudged and decreed that the said defendant do have and recover from the said complainant the sum of $450 together with all costs which said defendant has paid on account of said cause."

MORTON T. CULVER, for appellant.

BAUER & DONOGHUE, for appellee.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1347*—*when presumed that no certificate of evidence was filed.* Where on appeal the *præcipe* of the record shows that the clerk was asked to prepare a complete transcript of the record in the cause appealed, and where the clerk certifies that the record presented is as requested in the *præcipe*, it will be presumed that no certificate of evidence was ever filed in the cause, none appearing in such record.

2. EQUITY, § 553*—*when decree sustained.* A decree not supported by findings of fact set forth therein or by a certificate of evidence is none the less properly made if the bill and answer set forth sufficient facts to warrant such decree.

3. PARTNERSHIP, § 74*—*when agreement for dissolution of partnership construed as agreement to pay stipulated sums for interest in business.* An agreement for the dissolution of a partnership

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

providing that all partnership assets were to belong to complainant and all partnership liabilities paid by him and "for and in consideration of all interests in said firm owned by" defendant, complainant "agrees to pay to" defendant "twenty-five ($25.00) dollars per week" between named dates, defendant to "give such services as he may be able to give until such last named date," *held* to be construed as an agreement to pay the amounts named in consideration of defendant's interest in the partnership, and not as obligating defendant to render services for which he was to be paid $25 a week.

4. REFORMATION OF INSTRUMENTS, § 2*—*when agreement not ambiguous so as to require reformation.* In a bill to reform a written agreement on the ground that it did not express the true intent of the parties, agreement examined and *held* not to require reformation, on the ground of ambiguity.

5. PARTNERSHIP, § 425*—*when finding sustained by record.* In a bill praying *inter alia* that all liabilities of complainant to defendant as partners be adjusted, where the record showed that complainant made a valid agreement to pay defendant $25 each week from May 28th to December 31st of a certain year, which agreement was not performed, a finding for defendant for $350 *held* warranted by the record.

6. APPEAL AND ERROR, § 1258*—*when error in finding not available to complainant.* A complainant in a chancery suit cannot complain that the court erroneously found against him in a less sum than warranted by the record, as such action was favorable to his interest.

7. APPEAL AND ERROR, § 1079*—*when error in finding not available to defendant.* A defendant in a chancery suit in whose favor the court has found in a less sum than warranted by the record cannot complain of the error where such party has not assigned a cross-error.

8. INJUNCTION, § 262*—*when temporary injunction properly dissolved.* A temporary injunction restraining defendant from prosecuting an action at law is properly dissolved where it appears that such action was based on a sufficient cause of action.

9. INJUNCTION, § 386*—*when finding sufficient as basis for decree for damages.* A finding in a final decree that a certain sum was due defendant for the wrongful issuance of an injunction is a sufficient finding of fact on which to base a decree, adding the amount to the amount of defendant's damages, although the record does not show any evidence on which such finding was based, it appearing from the record that the injunction was issued and dissolved and that a suggestion of damages was filed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.